```
                                                 ┌─────────────────────────┐
                                                 │ USDC SDNY               │
                                                 │ DOCUMENT                │
                                                 │ ELECTRONICALLY FILED    │
UNITED STATES DISTRICT COURT                     │ DOC #:                  │
SOUTHERN DISTRICT OF NEW YORK                    │ DATE FILED:  5/29/12    │
------------------------------------X            └─────────────────────────┘
NEXT PHASE DISTRIBUTION, INC.,          :
                                        :
                     Plaintiff,         :
                                        :   12 Civ. 3755 (VM)
        - against -                     :
                                        :          ORDER
DOES 1-27,                              :
                                        :
                     Defendants.        :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Next Phase Distribution, Inc. ("Next Phase") has filed suit for copyright infringement against twenty-seven different John Doe defendants. Next Phase alleges that each defendant, whose identity is unknown to Next Phase other than by an Internet Protocol ("IP") address, illegally traded Next Phase's copyrighted work by using a peer-to-peer client sharing protocol called BitTorrent. Next Phase has filed a motion for leave to subpoena various internet service providers in order to discover the identity of the John Does. (See Docket No. 5.)

The allegations in this case are nearly identical to those in several other suits which Next Phase's counsel has recently filed in this District. In particular, the Court cites the recent decision <u>Digital Sins, Inc. v. John Does 1-245</u>, No. 11 Civ. 8170, 2012 WL 1744838 (S.D.N.Y. May 15, 2012), in which the Honorable Colleen McMahon found that

joinder of the 245 John Doe defendants was improper, severed the plaintiff's claims against all defendants except for John Doe 1, and dismissed the claims against Does 2-245 without prejudice.

In light of the well-reasoned ruling in <u>Digital Sins</u>, the Court finds that it would serve the interests of efficiency and conservation of judicial resources to inquire whether joinder of the defendants in this case is proper before determining whether pre-service discovery is warranted.

Accordingly, it is hereby

**ORDERED** that the plaintiff Next Phase Distribution, Inc. show cause, by letter-brief not to exceed three (3) pages, why the Court should not sever John Does 2-27 pursuant to Fed. R Civ. P. 20(b), 21, and 42(b), and in accordance with <u>Digital Sins, Inc. v. John Does 1-245</u>, No. 11 Civ. 8170, 2012 WL 1744838 (S.D.N.Y. May 15, 2012).

Dated:     New York, New York
           29 May 2012

                              Victor Marrero
                              U.S.D.J.